**21SL-CC00671**

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

VICKIE RAWLINS, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,
Serve: Registered Agent
      4005 Felland Road
      Madison, WI 53718

        Defendant.

CASE NO. _____

CLASS-ACTION PETITION
FOR DAMAGES AND
DEMAND FOR JURY TRIAL

Plaintiff, Vickie Rawlins[1], individually and on behalf of all others similarly situated, files this Class Action Petition against Esurance Property and Casualty Insurance Company ("Esurance" or "Defendant") and in support states as follows:

### NATURE OF THE ACTION

1.     This is a class action lawsuit by Plaintiff Vickie Rawlins who was the named insured under a Esurance automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2.     Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for Esurance's promises under its automobile policy.

3.     Nevertheless, Esurance failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

---

[1] At the time of loss Plaintiff was married and using her married name Nash. Since then, Plaintiff divorced and now uses her maiden name Rawlins.

Electronically Filed - St. Louis County - February 12, 2021 - 11:52 AM

4.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Esurance's failure to pay sales tax.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to <u>MO Rev. Stat. § 478.070</u>.

6.      This Court has personal jurisdiction over Defendant because the Defendant at all times material hereto was licensed to transact in insurance in the State of Missouri, has offices in the State of Missouri, writes millions of dollars in premiums in the State of Missouri, and engages in substantial business activities in the State of Missouri.

7.      Venue is proper in this Court, pursuant to <u>MO Rev. Stat. § 478.461</u>, because the cause of action arose in this County, the transaction, or some part of it, occurred in this County, and Defendant is not a Missouri resident.  But Defendant does conduct customary and extensive business in St. Louis County and is subject to personal jurisdiction here.

## THE PARTIES

8.      At all times material hereto, Plaintiff Vickie Rawlins is and was a citizen of the State of Missouri and domiciled in St. Louis County.

9.      At all times material hereto, Defendant is and was a corporation located in the State of California and authorized to transact insurance in the State of Missouri and conducting a substantial part of its business in St. Louis County. Defendant's principal place of business and headquarters are both located in the State of California.

## ESURANCE POLICY

10.      The Form Policy issued by Esurance to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Ms.

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

Rawlins (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Rawlins and all putative class members. Exh. A (Policy).

11.    In its standardized Policy, Defendant promises to pay for "direct and accidental 'loss'" to a covered auto. *Id*. at 13.

12.    In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "'[w]e' may pay for a 'loss' in money or repair or replace the damaged or stolen property." *Id.* at 21.

13.    Defendant further promises "[i]f 'we' pay for 'loss' in money, 'our' payment will include the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF VICKIE RAWLINS' ACCIDENT

14.    At all times material hereto, Plaintiff insured a 2002 Toyota RAV4 under the Policy issued by Esurance.

15.    On or about March 30, 2016, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Esurance.

16.    Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value of $6,284.00 and an adjusted vehicle value of $5,788.00. Exh. B (Valuation Report).

17.    Esurance calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

18.    CCC calculated that the sales tax on the adjusted vehicle value was $411.70. *Id*. at 1.

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

19.    However, Esurance *removed* sales tax when making payment. Instead, Esurance paid only the adjusted vehicle value of $5,788.00, added $14.00 for fees, and subtracted the deductible of $500.00 for a total payment of $5,302.00. Exh. C (Settlement Letter).  By failing to include sales tax in making payment for the loss, Esurance breached its contract with Plaintiff.

20.    Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

21.    Similarly, Esurance failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

22.    Plaintiff brings this action as representative of the Class defined as follows:

> All Missouri insureds, under a policy issued by Esurance covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by Esurance to constitute a covered loss claim and where the loss claim payment did not include sales tax.

23.    The Policy, including comprehensive and collision coverage and the Payment of Loss section, are materially identical as to Plaintiff and all members of the Class, and apply equally to Plaintiff and all members of the Class.

24.    There are numerous parties such that it would be impracticable to bring all the parties before the court. For example, upon information and belief and based on the premiums

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

written in this state by Esurance and Esurance's loss ratio (percentage of premiums collected paid on claims), Plaintiff estimates there are thousands of members of the Class.

25.      Additionally, there exists a question of common interest as to members of the Class – namely, whether sales tax should be paid as part of a payment of loss under the Policy.

26.      This case is ideally suitable for class treatment because the common question (a) is a legal question of policy interpretation resolvable as a matter of law by this Court and (b) this Court's determination will resolve virtually the entirety of each member of the Class' claims in one stroke. If this Court determines that a loss payment includes sales tax, then every member of the Class is entitled to payment of sales tax (less the amount, if any, previously paid).

27.      Calculation of such damages will be a ministerial effort based on data and records in Defendant's possession and kept as a normal, business practice.

28.      Moreover, it would be a significant waste of judicial and party resources to file thousands of individual lawsuits merely to resolve the exact same question of policy interpretation, and to do so would unnecessarily create the risk of inconsistent adjudications and conflict within and between the courts. It is far more efficient – and far more preferable – to resolve the centrally dispositive question of policy interpretation for thousands of Class Members in a single stroke.

29.      Importantly, Plaintiff and the undersigned have no conflicts adverse to those of the Classes, and there are no other issues or facts that preclude class treatment or render it less than ideal for any reason.

## COUNT I: BREACH OF CONTRACT

30.      Paragraphs 1 through 29 are hereby incorporated by reference.

31.      This count is brought by Plaintiff Vickie Rawlins individually and on behalf of the Class Members.

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

32.    Plaintiff was party to an insurance contract with Esurance as set forth herein. All Class Members were parties to an insurance contract with Esurance containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

33.    Plaintiff and all Class Members made a claim determined by Esurance to be a first-party loss under the insurance policy and determined by Esurance to be a covered claim.

34.    Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

35.    By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

36.    As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the Sales Tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Vickie Rawlins, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

● For an Order certifying this action as a Class Action on behalf of the Class described above;

● For an award of compensatory damages for the Class in amounts owed under the Policies;

● For all other damages according to proof;

● For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

Electronically Filed - St Louis County - February 12, 2021 - 11:52 AM

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

Dated: February 12, 2021                     Respectfully submitted,

                                             ONDERLAW, LLC

                                   By   /s/ *Martin L. Daesch*
                                        Martin L. Daesch #40494
                                        Jesse B. Rochman, #60712
                                        Craig W. Richards, #67262
                                        110 E. Lockwood, 2nd Floor
                                        St. Louis, MO 63119
                                        314/963-900 telephone
                                        314/963-1700 facsimile
                                        daesch@onderlaw.com
                                        rochman@onderlaw.com
                                        richards@onderlaw.com
                                        *Attorneys for Plaintiff*