IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VICKIE RAWLINS, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No.** 4:21-cv-00660-RLW |
| vs. | **JUDGE: Ronnie L. White** |
| ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| *Defendant*. _____/ | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**Plaintiff respectfully requests oral arguments pursuant to Local Rule 7.0(e)**

**I.      INTRODUCTION**

Defendant Esurance Property and Casualty Insurance Company ("Defendant" or "Esurance") makes a promise in its insurance Policy, [D.E. 1-1] ("Policy") that is unequivocal: "If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." Esurance paid for Plaintiff's loss in money, but its payment did not include sales tax for the damaged property. It is difficult to conceive of a clearer breach of contract, yet Esurance now asks this Court to help it avoid its bargained-for obligation under the Policy by re-writing its terms in favor of Esurance and dismissing Plaintiff's well-pled Class Action Complaint for Damages and Demand for Jury Trial, [D.E. 1-1] ("Complaint" or "Compl.").

Esurance's Memorandum in Support of its Motion to Dismiss, [D.E. 9] ("Motion" or "Mot."), should be denied. Plaintiff properly pleads each element of her breach of contract claim, and the allegations in the Complaint far exceed the low plausibility standard that applies at this juncture. Esurance's Motion is based entirely on a tortured and unreasonable interpretation of the Policy and misplaced reliance on other regulations that have no relevance to Esurance's contractual promise at issue here.

For example, Esurance asks the court to re-write its explicit and unequivocal promise to pay sales tax for the *damaged* vehicle to, instead, only require Esurance to pay sales tax incurred for a *replacement* vehicle. Esurance then further attempts to rewrite its Policy by asserting that its limit of liability somehow moots its explicit promise to pay sales tax. As a last resort, Esurance tells this Court that the state of Missouri, instead of Esurance, should pay the sales tax owed to insureds under the bargained-for promises in Esurance's Policy because Missouri regulations provide for reimbursement of sales tax on *replacement* vehicles. Esurance, however, voluntarily undertook the obligation to pay

2

sales tax on the *damaged* vehicle, rendering Missouri's regulation regarding *replacement* vehicles irrelevant.

The Policy simply is not written in the way Esurance wishes it was. The Policy promises to pay sales tax applicable to the *damaged* vehicle, not a *replacement* vehicle. And the Policy's promise to include sales tax when paying for a loss in money does not depend on whether Esurance's payment is measured as replacement cost or actual cash value. Indeed, courts in Nebraska and Illinois recently rejected the exact same arguments that Esurance advances here. *See Wagner v. Safeco Ins. Co.*, 2021 Neb. Trial Order LEXIS 70, *8 (Douglas Cty., May 10, 2021); *Grela v. LM General Insurance Company*, No. 2020 CH 04911 (Cir. Ct., Cook Cty., Ill., Jul. 20, 2021).[1]

. The Policy also does not require insureds to purchase a replacement vehicle at all in order to recover "applicable sales tax for the damaged property" from the state of Missouri. To the contrary, the Policy obligates Esurance to include appliable sales tax for the damaged vehicle when, as here, it elected to pay for a loss in money, regardless of whether the insured ever purchases a replacement vehicle.

For these and other reasons detailed below, Defendant's Motion should be denied.

II.     FACTUAL BACKGROUND

This is a class action alleging a breach of insurance contract. On March 30, 2016, Plaintiff was involved in an automobile accident. Compl., ¶ 15. At the time of the accident, Plaintiff was insured under an automobile insurance Policy issued by Defendant. *Id.*, ¶ 14. The Policy provides insurance coverage against physical damage by promising to "pay for direct and accidental loss to **your covered auto**." *Id.*, ¶ 11; Policy at 13. If an insured vehicle sustains a loss, Defendant's Policy promises that it will "pay for loss in money or [it will] repair or replace the damaged or stolen property." Compl., ¶ 12.

---

[1] Attached as **Exhibit A**.

Defendant promises that, if it opts to "pay for loss in money, our payment will include applicable sales tax for the damaged or stolen property." *Id.*, ¶ 13.

After Plaintiff's accident, Defendant determined that her vehicle sustained a "total loss." *Id.*, ¶ 16. Because the cost to repair exceeded the cost of the vehicle, Defendant opted to pay Plaintiff for her loss in money. Despite the clear Policy language obligating Defendant to pay "sales tax for the damaged or stolen property," Defendant's payment to Plaintiff contained no amount for sales tax. *Id.*, ¶ 19. Defendant's failure to pay Plaintiff sales tax for her damaged vehicle constitutes a clear and straightforward breach of contract. *Id.*

### III. LEGAL STANDARDS

"The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Thornburgh v. Ford Motor Co.*, No. 4:19-cv-01025-HFS, 2021 U.S. Dist. LEXIS 63234, at *1-2 (W.D. Mo. Mar. 31, 2021). "When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Goad v. BNSF Ry. Co.*, No. 15-00650-CV-W-HFS, 2016 U.S. Dist. LEXIS 178444, at *2 (W.D. Mo. Mar. 2, 2016). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009).

Under Missouri law, courts must construe an insurance contract in favor of the insured, so long as that construction is reasonable. *See St. Paul Fire & Marine Ins. Co. v. Mo. United Sch. Ins. Council*, 98 F.3d 343, 345 (8th Cir. 1996); *see also West v. Jacobs,* 790 S.W.2d 475, 477 (Mo. Ct. App. 1990). "Policy exceptions and limitations are to be strictly construed against the insurer." *Capitol Indem. Corp. v. 1405 Assocs., Inc.,* 220 F. Supp. 2d 1045, 1047 (E.D. Mo. 2002). Where a

4

policy's terms do not specifically address the disputed issue, the policy must be construed against the insurer. *See Fuller v. Hartford Life Ins. Co.*, 281 F.3d 704, 708 (8th Cir. 2002).

IV.   **ARGUMENT**

    A.    **Esurance breached its promise under the Policy to pay sales tax on Plaintiff's damaged vehicle, not on a subsequently acquired replacement vehicle.**

The beginning and the end of the breach of contract analysis in this case is Esurance's explicit promise in the Policy to pay sales tax where, as here, it pays for a "loss" in money:

> We may pay for loss in money or repair or replace the damaged or stolen property.
>
>         \*        \*        \*
>
> If we pay for loss in money, ***our payment*** will ***include*** the applicable ***sales tax*** for ***the damaged or stolen*** property.

Policy at 21. Esurance paid for Plaintiff's loss in money, but Esurance's payment did not include sales tax for the damaged property, as the Policy promised. The Policy language and Esurance's breach could not be any clearer. Nevertheless, Esurance asks this Court to allow it to avoid the clear and unambiguous promise it made to its insureds.

Esurance asserts that the term "applicable sales tax" in the Policy means sales tax paid to replace a total loss vehicle. Mot. at 6-9. But that is not what the Policy says. The Policy clearly says that Esurance will pay applicable sales tax "***for the damaged…property***." It does not say Esurance will pay applicable sales tax for *replacement* property. Indeed, Safeco Insurance Company ("Safeco") recently attempted to make this same exact argument to a court in Nebraska, which swiftly rejected Safeco's tortured misinterpretation of its own Policy language. *See Wagner*, 2021 Neb. Trial Order LEXIS 70, *8. As the *Wagner* court correctly held, "Replacement property and [plaintiff's] damaged property are different things, and the Policy provides that Safeco would pay sales tax 'for the damaged property,' not replacement property" and, thus, "Safeco's argument that the phrase "applicable sales tax" applies to replacement property is without merit." *Id.* Another court in Illinois recently reach the same conclusion,

5

"denying [a] motion to dismiss primarily because the policy itself…expressly sates, if payment for loss is made in money, it will include applicable sales tax," and finding that "[t]he policy itself doesn't…impose a condition that plaintiff incurred the sales tax on a replacement vehicle on its face." *Grela* at 13:1-8, 15:9-14. This Court should reach the same conclusion here.

Esurance's interpretation of the Policy would render the words "for the damaged or stolen property" superfluous, which Missouri law does not permit. *See, e.g.*, *City of Maplewood v. Northland Cas. Co.*, No. 4:11CV564 RWS, 2012 U.S. Dist. LEXIS 95088, at *5 (E.D. Mo. July 10, 2012) (declining to adopt an interpretation of an insurance contract that rendered words superfluous).[2] And it also goes against the fundamental legal principles that a contract must be read as a whole, and terms cannot be read in isolation, but every word must be given effect. *See Lafollette v. Liberty Mut. Fire Ins. Co.*, 139 F. Supp. 3d 1017, 1021 (W.D. Mo. 2015). It also defies basic common sense.

Plaintiff's reasonable interpretation, by contrast, is supported by the plain and unambiguous language of the Policy and principles of indemnity, which is the purpose of property insurance limited to the actual cash value. *See In re State Farm Fire & Cas. Co.*, 872 F.3d 567, 573 (8th Cir. 2017). The purpose of indemnification coverage—like the insurance Policy at issue here—is to make the insured whole. *Id.* To make Plaintiff "whole" in this case requires Defendant to pay Plaintiff her sales tax "loss"—not sales tax that may be incurred in the future. *See* Mo. Rev. Stat. § 144.440 (state sales tax of

---

[2] The phrase "applicable sales tax" cannot be read without consideration of the rest of the provision, which binds the words "applicable sales tax" to the words "damaged or stolen property." Courts agree that the common meaning of the word "for" is "with the object or purpose of." *See, e.g.*, *United States v. Crooker*, 608 F.3d 94, 97 (1st Cir. 2010). "The ordinary connotation of the word is one of purpose." *Id.*; *see also Carter v. Allen*, 940 F.3d 1233, 1239 (11th Cir. 2019) (dissenting) ("The word 'for' is a function word, indicating the purpose or aim of an act."); *Mitzel v. Anthem Life Ins. Co.*, 351 Fed. Appx. 74, 82 (6th Cir. 2009) (agreeing that "for" connotes purpose or with reference to which something is done).

4.425% and local sales tax of 5.513%).[3] At a minimum, because Plaintiff's interpretation of the Policy is reasonable, the Court should construe the Policy in Plaintiff's favor and hold that the Policy does not require Plaintiff to replace a total-loss vehicle before Esurance's obligation to pay sales tax is triggered. *Mansion Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.*, 62 S.W.3d 633, 640 (Mo. Ct. App. 2001) ("If an insurance policy is reasonably open to different constructions, we will adopt the one most favorable to the insured.").

  **B. Inapplicable Missouri regulations do not absolve Defendant from meeting its contractual obligations to pay sales tax.**

Esurance asserts that, despite its Policy's clear and unambiguous promise to pay sales tax when it pays for a loss in money–a term Plaintiff and other insureds contracted for and paid for–Plaintiff can only receive sales tax if she purchases a replacement vehicle and seeks a sales tax reimbursement from the state of Missouri. Mot. at 6-9. But if Esurance wanted insureds to seek reimbursement of sales tax from the state on a ***replacement*** vehicle, it should not have voluntarily included in its Policy an explicit promise to pay sales tax on the ***damaged*** vehicle. Indeed, under Missouri law, statutes can set a minimum standard, but they do not override the language of an insurance policy. *Dollard v. Depositors Ins. Co.*, 96 S.W.3d 885, 890 (Mo. Ct. App., 2002) (statute did not override the clear language of the insurance policy which provided an additional benefit to the insureds). Having made this bargained-for promise in its Policy, Esurance cannot now avoid its contractual obligation.

---

[3] Esurance argues that Plaintiff lacks standing because she did not allege she paid sales tax on a ***replacement*** vehicle. Mot. at 7-9. Assuming arguendo that the Court ignored the fact the policy relates to the payment of sales tax on the ***damaged*** vehicle and found Plaintiff lacked standing, the appropriate remedy would be remand back to state court, not dismissal. *See Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) ("If, on the other hand, the case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court from whence it came."); *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016) ("The district court never had jurisdiction of Hughes and Mazgaj's claims. Their claims should be remanded to state court.").

Esurance's position would read into the Policy an extra-contractual requirement that an insured purchase a replacement vehicle within 180 days of the total loss payment and provide a total loss affidavit from Esurance in order to be reimbursed for sales tax.[4] But the plain language of the statute promises to pay sales tax on the damaged vehicle regardless of whether the insured ever purchases a replacement vehicle (for example, if a family member provides the insured with an alternative vehicle so that the purchase of a replacement vehicle becomes unnecessary). Federal courts across the country have reached the conclusion that an insurer cannot retroactively create a precondition that a policyholder actually incur sales tax for it to be owed as part of a Total Loss cash settlement, where no such language exists in the policy. *See, e.g.*, *Davis v. GEICO*, 2020 U.S. Dist. LEXIS 2071, at *15 (N.D. Ohio, 2020); *Roth v GEICO Gen. Ins. Co*, 2018 U.S. Dist. LEXIS 226554, at *12 n.5 (S.D. Fla., 2018); *Bastian v. United Servs. Auto. Ass'n*, 150 F. Supp. 3d 1284, 1295 (M.D. Fla., 2015); *Sos*, 396 F. Supp. 3d 1074; *Ostendorf v. Grange Indemnity Insurance Co.*, 2020 U.S. Dist. LEXIS 5163, at *8 (S.D. Ohio, 2020); *Ewing v. Geico Indem. Co.*, Case No. 5:20-CV-165 (MTT), 2020 U.S. Dist. LEXIS 187720 (M.D. Ga. Oct. 9, 2020).

Finally, Esurance's assertion that Plaintiff would enjoy a "double recovery" if Esurance complied with its contractual promise to pay sales tax is false. Mot. at 7. Mo. Rev. Stat. § 144.027.1 only allows a credit for amounts "certified by the insurance company." Plaintiff would not be eligible to recover a sales tax reimbursement if Esurance complied with its Policy promise to include sales tax in its payment for the damaged vehicle.

This Court should not permit Esurance to force the state of Missouri to shoulder the expenses that Esurance contractually agreed to cover.

      **C.**      **The "Actual Cash Value" provision of the Policy is Irrelevant for this Analysis**

---

[4] *See* Mo. Rev. Form 426 (Revised 10-2019), *available at* https://dor.mo.gov/forms/426.pdf (last visited August 9, 2021).

Esurance concedes that the Policy promises to pay for "loss," and any focus on the Actual Cash Value provision is "misguided." Mot. at 10. However, this argument only bolsters Plaintiff's position. Under the clear terms of the Policy, if Esurance pays for "loss" in money, the payment will include the applicable sales tax for the damaged vehicle. Policy at 21.

For sake of completeness, it is worth noting that the "Actual Cash Value" provision of the Policy is consistent with the promise to pay sales tax. At a minimum, it is certainly not ***unreasonable*** for Plaintiff to interpret a Policy promising to include sales tax in money payments for loss to require inclusion of sales tax in money payments.

First, Esurance's position that ACV does not include sales tax would render its contractual promise to pay sales tax illusory and superfluous, which Missouri law does not permit. *City of Maplewood v. Northland Cas. Co.*, No. 4:11CV564 RWS, 2012 U.S. Dist. LEXIS 95088, at *5 (E.D. Mo. July 10, 2012) (quoting *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266, 267 (Mo. 1983) (An interpretation of insurance policy language which may render a portion of the policy illusory "should not be indulged in."). Second, Esurance also points to no Missouri law suggesting that actual cash value unambiguously excludes sales tax. *Cf. Sos v. State Farm Mut. Auto. Ins. Co.*, 396 F. Supp. 3d 1074 (M.D. Fla. 2019) (ACV, where undefined in a policy, is synonymous with market value and includes sales tax); *Lukes v. Am. Family Mut. Ins. Co.*, 455 F. Supp. 2d 1010, 1015 (D. Ariz. 2006) (holding that if ACV is defined as market value, it is reasonably interpreted to include sales tax).

Defendant's reliance on *Sigler v. Geico Cas. Co.*, 967 F.3d 658 (7th Cir. 2020) and *Coleman v. Garrison Prop. & Cas. Ins. Co.*, 2021 U.S. App. LEXIS 6964 (7th Cir. Mar. 10, 2021) is clearly misplaced. In those non-binding cases, unlike here, ***the policies did not explicitly promise to pay sales tax***. Thus, those courts merely held that the policies' obligation to pay a "loss" did not include an implied promise to pay sales tax. Notably, the *Sigler* court recognized that, like Esurance has done here, "[a]n

9

insurer may contractually obligate itself to pay the costs for sales tax and title and tag transfer fees without substantiation." *Sigler*, 967 F.3d at 658. Thus, if anything, *Sigler* supports Plaintiff's position.

Defendant also notably ignores the cases from other jurisdictions that hold that an actual cash value payment does include sales tax. *See, e.g.*, *Bastian v. United Servs. Auto. Ass'n*, 150 F. Supp. 3d 1284, 1295 (M.D. Fla., 2015); *Sos*, 396 F. Supp. 3d 1074; *Ostendorf v. Grange Indemnity Insurance Co.*, 2020 U.S. Dist. LEXIS 5163, at *8 (S.D. Ohio, 2020); *Ewing v. Geico Indem. Co.*, Case No. 5:20-CV-165 (MTT), 2020 U.S. Dist. LEXIS 187720 (M.D. Ga. Oct. 9, 2020).  At bottom, Esurance cannot escape the fact that it explicitly promised to pay sales tax when it pays for a loss in money. Plaintiff paid premiums in exchange for a Policy containing such promise. It is not a windfall for an insured to receive that for which they bargained.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

August 12, 2021

/s/ Martin L. Daesch
Martin L. Daesch (Bar No. 40494)
Jesse B. Rochman, (Bar No. 60712)
**ONDERLAW, LLC**
110 East Lockwood
St. Louis, MO 63119
Telephone: (314) 963-9000
Facsimile: (314) 963-1700
daesch@onderlaw.com
rochman@onderlaw.com

Scott Edelsberg (*pro hac vice* to be filed)
Christopher Gold  (*pro hac vice* to be filed)
**EDELSBERG LAW, PA**
20900 NE 30th Ave, #417
Aventura, FL 33180
Telephone: (305) 975-3320
scott@edelsberglaw.com
chris@edelsberglaw.com

Andrew J. Shamis
Joshua Moyer
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: (305) 479-2299
ashamis@shamisgentile.com
msingh@shamisgentile.com

Rachel Dapeer *(pro hac vice to be filed)*
**DAPEER LAW, P.A.**
20900 NE 30th Ave, #417
Aventura, FL 33180
Telephone: 305-610-5223
rachel@dapeer.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true and correct copy of the above and foregoing document on counsel of record by ( X ) electronically filing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record, on this 12th day of August, 2021.

*/s/ Martin L. Daesch*
Martin L. Daesch